**AKIN GUMP STRAUSS HAUER & FELD LLP**
MICHAEL J. STORTZ (SBN 139386)
MARSHALL L. BAKER (SBN 300987)
580 California Street, Suite 1500
San Francisco, CA 94104-1036
Email:        mstortz@akingump.com
              mbaker@akingump.com
Telephone:    415.765.9500
Facsimile:    415.765.9501

**AKIN GUMP STRAUSS HAUER & FELD LLP**
SEAMUS C. DUFFY (*pro hac vice*)
JULIE A. BUSTA (*pro hac vice*)
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
Email:        sduffy@akingump.com
              jbusta@akingump.com
Telephone:    215.965.1200
Facsimile:    215.965.1210

Attorneys for Defendants
COMCAST CORPORATION and
COMCAST CABLE COMMUNICATIONS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES TILLAGE and JOSEPH LOOMIS, Individually, As Private Attorneys General, and On Behalf of all Others Similarly Situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, and DOES 1-20, inclusive,<br><br>     Defendants. | Case No. 3:17-cv-06477-VC<br><br>**DEFENDANTS COMCAST CORPORATION AND COMCAST CABLE COMMUNICATIONS, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants Comcast Corporation and Comcast Cable Communications, LLC (Comcast Cable) (collectively, "Defendants") answer the First Amended Complaint of Plaintiffs Charles Tillage and Joseph Loomis (collectively, "Plaintiffs") as follows. Unless otherwise indicated, as used herein the term "Plaintiffs" excludes former plaintiffs Dan Adkins and Christopher Robertson, who were dismissed pursuant to stipulation of the parties and by order of the Court dated February 15, 2018. Dkt. 37. To the extent that any portion of the First Amended Complaint asserts legal conclusions or fails to make factual allegations, no response is required. Any factual allegations that are not specifically admitted below are denied.

## I.    INTRODUCTION AND SUMMARY

1.      Defendants deny the allegations of this paragraph that characterize the content or legal effect of the First Amended Complaint. Defendants deny the remaining allegations of this paragraph.[1]

2.      The allegations of this paragraph consist of arguments and/or legal conclusions to which no response is required. To the extent the allegations of this paragraph purport to contain factual or other substantive allegations, Defendants deny the allegations of this paragraph.

3.      The allegations of this paragraph consist of arguments and/or legal conclusions to which no response is required. To the extent the allegations of this paragraph purport to contain factual or other substantive allegations, Defendants deny the allegations of this paragraph.

4.      The allegations of this paragraph consist of arguments and/or legal conclusions to which no response is required. To the extent the allegations of this paragraph purport to contain factual or other substantive allegations, Defendants deny the allegations of this paragraph.

5.      The allegations of this paragraph consist of arguments and/or legal conclusions to which no response is required. To the extent the allegations of this paragraph purport to contain factual or other substantive allegations, Defendants deny the allegations of this paragraph.

6.      The allegations of this paragraph consist of arguments and/or legal conclusions to which no response is required. To the extent the allegations of this paragraph purport to contain factual or other substantive allegations, Defendants deny the allegations of this paragraph.

---

[1]      Unless otherwise indicated, Defendants construe the term "Comcast" as used in the First Amended Complaint as referring to Comcast Cable.

7.      Defendants admit that Minimum Term Agreements between Comcast Cable and its subscribers may have terms of one year or two years and may provide for assessment of early termination fees.    Defendants deny the remaining allegations of this paragraph.

8.      The allegations of this paragraph consist of arguments and/or legal conclusions to which no response is required.  To the extent the allegations of this paragraph purport to contain factual or other substantive allegations, Defendants deny the allegations of this paragraph.

9.      Defendants admit that the Broadcast TV fee and Regional Sports fee in some instances may total $12 per month.  Defendants deny the remaining allegations of this paragraph.

10.      This paragraph consists of arguments and/or legal conclusions to which no response is required.  To the extent the allegations of this paragraph purport to contain factual or other substantive allegations, Defendants deny the allegations of this paragraph.

11.      Defendants admit that Plaintiffs filed this action through their counsel.  The remaining allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

## II.      PARTIES

12.      Defendants admit that the current service address for Charles Tillage is in San Francisco, California.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

13.      Defendants admit that the current service address for Joseph Loomis is in Moss Beach, California.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

14.      The parties have agreed that Defendants need not respond to this paragraph.

15.      The parties have agreed that Defendants need not respond to this paragraph.

16.      Defendants admit that Comcast Corporation is a media and technology company that is headquartered in Philadelphia, Pennsylvania and incorporated under the laws of Pennsylvania. Defendants deny the remaining allegations of this paragraph.

17.      Defendants admit that Comcast Cable is headquartered in Philadelphia, Pennsylvania and incorporated under the laws of Delaware.  Defendants deny the remaining allegations of this paragraph

that characterize the content or legal effect of documents, as the documents speak for themselves.

18.     Denied as stated.  Defendants admit that Comcast Cable does business under the Xfinity brand.  Defendants deny the remaining allegations of this paragraph.

### III.     JURISDICTION AND VENUE

19.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

20.     Defendants admit that Comcast Cable entered into contracts with Mr. Tillage and Mr. Loomis at service addresses in California.   Defendants further admit that Comcast Cable maintains offices and retail locations in California.  The remaining allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

21.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

22.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

23.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

### IV.     PLAINTIFFS' FACTUAL ALLEGATIONS

#### A.     PLAINTIFF CHARLES TILLAGE

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

28.     Based on the limited factual allegations provided in this paragraph, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

29.     Based on the limited factual allegations provided in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.  To the extent this paragraph includes legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

30.     Defendants admit that Minimum Term Agreements between Comcast Cable and its subscribers may have terms of one year or two years, and that termination fees may be assessed for termination prior to the end of the term.  Defendants deny the allegations of this paragraph that characterize the content or legal effect of documents, as the documents speak for themselves.  Defendants deny the remaining allegations of this paragraph.

31.     Defendants admit that Mr. Tillage agreed to a Minimum Term Agreement for Comcast Cable internet and video service in June 2016.  To the extent this paragraph includes legal conclusions, no response is required.  Defendants deny the remaining allegations of this paragraph.

32.     Defendants admit that Mr. Tillage agreed to a Minimum Term Agreement for Comcast Cable internet and video service in June 2016.  Defendants deny the remaining allegations of this paragraph.

33.      Based on the limited factual allegations provided in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph, and on that basis deny them.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Defendants admit that a Comcast Cable bill statement sent to Mr. Tillage was dated June 16, 2016.  Defendants deny the remaining allegations of this paragraph that characterize the content of

a document that speaks for itself, and/or the state of mind of Mr. Tillage, as to which Defendants lack information sufficient to form a belief as to the truth of the allegations.

40.     Denied.  To the extent the allegations characterize Mr. Tillage's state of mind, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny them.

41.     Based on the limited factual allegations provided, Defendants lack knowledge or information sufficient to form a belief as to its truth of the allegations of this paragraph, and on that basis deny them.

42.     Defendants admit that Mr. Tillage placed a call to Comcast Cable's customer service line on July 2, 2016.  Defendants admit Comcast Cable provided Mr. Tillage with six movie coupons. Defendants deny the remaining allegations of this paragraph.

43.     Defendants admit that a Comcast Cable bill statement sent to Mr. Tillage was dated July 2017.  Defendants deny the allegations of this paragraph to the extent they characterize the content of the document, as the document speaks for itself.  Defendants deny the remaining allegations of this paragraph.

44.     Defendants admit Plaintiffs attached a purported copy of a letter dated August 17, 2017 to the First Amended Complaint.  Defendants deny the allegations of this paragraph to the extent they characterize the content of the document, as the document speaks for itself.  Defendants deny the remaining allegations of this paragraph.

45.     Defendants admit that Comcast Cable received an August 22, 2017 letter from counsel for Mr. Tillage.  Defendants further admit that on August 22, 2017, Mr. Tillage purported to opt out of Comcast Cable's arbitration provision through Comcast Cable's website.  Defendants deny the remaining allegations of this paragraph to the extent they characterize the content or legal effect of the documents, as the documents speak for themselves.

46.     Defendants admit that on September 14, 2017, a Comcast Cable representative sent a email to counsel for Mr. Tillage.  Defendants deny the allegations of this paragraph to the extent they characterize the content of the email, as the email speaks for itself.  Defendants deny the remaining allegations of this paragraph.

47.    Defendants admit that as of July 17, 2020, Mr. Tillage subscribes to Comcast Cable services.  Defendants deny the remaining allegations of this paragraph.

48.    To the extent the allegations characterize Mr. Tillage's state of mind, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny them.  Defendants deny the remaining allegations of this paragraph.

49.    Defendants deny the allegations of this paragraph that characterize the content or legal effect of documents, as the documents speak for themselves.

50.    Defendants admit that Mr. Tillage's prior two-year Minimum Term Agreement with Comcast Cable expired in June 2018.  To the extent the allegations characterize Mr. Tillage's state of mind, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

51.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

52.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

**B.    PLAINTIFF JOSEPH LOOMIS**

53.    Defendants admit that Mr. Loomis received internet service from Comcast Cable in June 2016.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

54.    Defendants admit that Mr. Loomis engaged in an online chat with a Comcast Cable representative on June 21, 2016.  Defendants deny the allegations of this paragraph that characterize the content of the online chat, as the record of the online chat speaks for itself.

55.    Defendants deny the allegations of this paragraph that characterize the content of the online chat, as the record of the online chat speaks for itself.

56.    Defendants deny the allegations of this paragraph that characterize the content of the online chat, as the record of the online chat speaks for itself.

57.    Defendants deny the allegations of this paragraph that characterize the content of the

online chat, as the record of the online chat speaks for itself.

58.     Defendants admit that Mr. Loomis agreed to a Minimum Term Agreement for Comcast Cable internet and video services in June 2016.  Defendants deny the remaining allegations of this paragraph, which characterize the content of documents that speak for themselves, and/or the state of mind of Mr. Loomis, as to which Defendants lack information sufficient to form a belief as to the truth of the allegations.

59.     Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Defendants admit that a Comcast Cable bill statement sent to Mr. Loomis was dated July 10, 2016.  Defendants deny the remaining allegations of this paragraph that characterize the content of a document that speaks for itself, and/or the state of mind of Mr. Loomis, as to which Defendants lack information sufficient to form a belief as to the truth of the allegations.

64.     Defendants admit that a Comcast Cable bill statement sent to Mr. Loomis was dated August 10, 2016.  Defendants deny the remaining allegations of this paragraph that characterize the content of a document that speak for itself, and/or the state of mind of Mr. Loomis, as to which Defendants lack information sufficient to form a belief as to the truth of the allegations.

65.     Defendants deny that the Broadcast TV fee and the Regional Sports fee were not previously disclosed to Mr. Loomis.  By way of a further response, Comcast Cable disclosed that Mr. Loomis's services included a Broadcast TV fee of $5.00 and a Regional Sports fee of $3.00 in the Minimum Term Agreement to which Mr. Loomis agreed in June 2016.  To the extent the allegations characterize Mr. Loomis's state of mind, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny them.  Defendants deny the remaining allegations of this paragraph.

66.     Defendants admit that Mr. Loomis called Comcast Cable's customer service line on August 15, 2016.  The allegations characterizing the content of the discussion between the Comcast

Cable representative and Mr. Loomis are inaccurate based on Comcast Cable's contemporaneous records, and on that basis are denied.

67.     Defendants admit that Mr. Loomis called Comcast Cable's customer service line on August 15, 2016.  The allegations characterizing the content of the discussion between the Comcast Cable representative and Mr. Loomis are inaccurate based on Comcast Cable's contemporaneous records, and on that basis are denied.

68.     Defendants admit that Comcast Cable received a letter from Mr. Loomis dated August 16, 2016.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.  To the extent that the paragraph contains any additional factual allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

69.     Defendants admit that a Comcast Cable representative contacted Mr. Loomis regarding his August 16, 2016 letter via email and voicemail.  Defendants deny the allegations of this paragraph that characterize the content of the email, as the email speaks for itself.

70.     Defendants admit that a Comcast Cable representative spoke with Mr. Loomis by telephone.  Defendants admit that Comcast Cable provided Mr. Loomis a credit of $192.00 towards his Comcast Cable service.  Defendants deny the remaining allegations of this paragraph.

71.     Defendants admit that Comcast Cable offers two-year Minimum Term Agreements where there is a fixed base-monthly service charge and under which Comcast Cable is permitted to increase the Broadcast TV fee and/or the Regional Sports fee during the term of the agreement, as specified in the Minimum Term Agreement and Comcast Cable Agreement for Residential Services ("Subscriber Agreement").  Based on contemporaneous account records, Defendants further admit that a Comcast Cable representative again conveyed information to this effect to Mr. Loomis on or about September 16, 2016. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

73.     Defendants admit that Comcast Cable offers two-year Minimum Term Agreements where

there is a fixed base-monthly service charge and under which Comcast Cable is permitted to increase the Broadcast TV fee and/or the Regional Sports fee during the term of the agreement, as specified in the Minimum Term Agreement and Subscriber Agreement.  Based on Comcast Cable's contemporaneous records, Defendants further admit that a Comcast Cable representative conveyed information to this effect to Mr. Loomis on or about September 16, 2016. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

75.     Defendants admit that Comcast Cable is permitted to increase the Broadcast TV fee and/or the Regional Sports fee during the term of the agreement, as specified in the Minimum Term Agreement and Subscriber Agreement.   Based on Comcast Cable's contemporaneous records, Defendants further admit that a Comcast Cable representative conveyed information to this effect to Mr. Loomis on or about September 16, 2016. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

76.     Defendants deny that Mr. Loomis never agreed to a Minimum Term Agreement with Comcast Cable.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

77.     Defendants admit that Comcast Cable mailed a copy of Mr. Loomis's Minimum Term Agreement with Comcast Cable to him in September 2016.  Defendants deny the remaining allegations of this paragraph.

78.     Defendants deny that Mr. Loomis did not agree to the Minimum Term Agreement with Comcast Cable in June 2016.  Defendants deny the allegations of this paragraph to the extent they characterize the content of the document, as the document speaks for itself.  Defendants deny the remaining allegations of this paragraph.

79.     Defendants admit that Mr. Loomis submitted a complaint to the Federal Communications Commission ("FCC") in October 2016.   Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.

80.    Defendants admit that a Comcast Cable representative called Mr. Loomis in connection with his complaint to the FCC.

81.    Defendants admit that federal law permits Comcast Cable to charge the Broadcast TV fee and Regional Sports fee to its subscribers.  Based on Comcast Cable's contemporaneous records, Defendants further admit that a Comcast Cable representative conveyed information to this effect to Mr. Loomis on or about October 27, 2016.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

82.    Defendants incorporate by reference, as if set forth fully herein, their responses to the allegations of Paragraph 70.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

83.    The allegations characterizing the content of the discussion between the Comcast Cable representative and Mr. Loomis are inaccurate based on Comcast Cable's contemporaneous records, and on that basis are denied.  To the extent the allegations characterize Mr. Loomis's state of mind, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny them.

84.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

85.    Defendants admit that Comcast Cable is permitted to increase the Broadcast TV fee and/or the Regional Sports fee during the term of its Minimum Term Agreements, as specified in the Minimum Term Agreement and Subscriber Agreement.  Based on Comcast Cable's records, Defendants further admit that a Comcast Cable representative conveyed information to this effect to Mr. Loomis on or about October 27, 2016.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

86.    Defendants admit that Comcast Cable provided a response to the FCC concerning Mr. Loomis.  Defendants deny the allegations of this paragraph to the extent they characterize the content of the document, as the document speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

87.     Defendants admit that Mr. Loomis sent a letter to the FCC dated December 9, 2016. Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.

88.     Defendants admit that a Comcast Cable representative called Mr. Loomis on December 28, 2016.  Defendants further admit that Comcast Cable is permitted to increase the Broadcast TV fee and/or the Regional Sports fee during the term of the agreement, as specified in the Minimum Term Agreement and Subscriber Agreement.   Based on Comcast Cable's contemporaneous records, Defendants further admit that a Comcast Cable representative conveyed that the Broadcast TV fee and/or the Regional Sports fee may increase during the term of the agreement to Mr. Loomis on or about December 28, 2016.  To the extent the allegations characterize Mr. Loomis's state of mind, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny them. Defendants deny the remaining allegations of this paragraph.

89.     Defendants admit that a Comcast Cable bill statement sent to Mr. Loomis was dated March 10, 2017.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.

90.     Defendants admit that Plaintiffs attached a purported copy of a letter dated April 17, 2017 to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.

91.     Defendants admit that a Comcast Cable representative called Mr. Loomis on April 21, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

92.     Defendants admit that a Comcast Cable representative called Mr. Loomis on April 21, 2017.   The allegations characterizing the content of the discussion between the Comcast Cable representative and Mr. Loomis are inaccurate based on Comcast Cable's records, and on that basis are denied.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

94.     Defendants admit that as of July 17, 2020, Mr. Loomis subscribes to Comcast services.

ANSWER TO FIRST AMENDED COMPLAINT                                          CASE NO. 3:17-cv-06477-VC

The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

95.     To the extent the allegations characterize Mr. Loomis's state of mind, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny them. Defendants deny the allegations of this paragraph that characterize the content or legal effect of documents, as the documents speak for themselves. Defendants deny the remaining allegations of this paragraph.

96.     Defendants deny the allegations of this paragraph that characterize the content or legal effect of documents, as the documents speak for themselves.

97.     Defendants admit that Mr. Loomis's prior two-year Minimum Term Agreement with Comcast Cable expired in June 2018. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

98.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

99.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

C.     **PLAINTIFF DAN ADKINS**

100.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

101.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

102.     Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

103.     Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the

documents, as the documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

104. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

105. Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

106. Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

107. Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

108. Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

109. Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves. Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

110.    Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

111.    Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

112.    Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

113.    Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

114.    Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

115.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations of this paragraph, and on that basis deny them. Meanwhile, Mr. Adkins admits to reviewing and agreeing to the Subscriber Agreement which states, in Section 2(a) that Mr. Adkins is agreeing to pay all fees associated his Comcast Cable service.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

117.    The allegations of this paragraph consist of arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph. To the extent the remaining allegations of this paragraph purport to contain factual or other substantive allegations, Defendants deny the remaining allegations of this paragraph.

118.    This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

119.    Defendants admit that Mr. Adkins submitted an order via Xfinity's website on or about September 26, 2016.

120.    Denied. To the extent the allegations characterize Mr. Adkins's state of mind, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny them.

121.    Defendants admit that Mr. Adkins agreed to a two-year Minimum Term Agreement in September 2016. Defendants deny the remaining allegations of this paragraph that characterize the content of the document, as the document speaks for itself.

122.    Defendants admit that Mr. Adkins received an email from Comcast Cable on September 26, 2016. Defendants deny the remaining allegations of this paragraph that characterize the content of the email, as the email speaks for itself.

123.    Defendants admit that Mr. Adkins opted out of the arbitration agreement with Comcast Cable in the Subscriber Agreement. Defendants deny the remaining allegations of this paragraph.

124.    Defendants admit that Mr. Adkins placed calls to Comcast Cable's customer service. Defendants deny the remaining allegations of this paragraph.

125.    Defendants admit that Mr. Adkins did not receive an order confirmation email relating to the account ending in 3643.

126.    Defendants admit that Plaintiffs attached a purported copy of Mr. Adkin's October 6, 2016 bill statement to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

127.    Defendants admit that Plaintiffs attached a purported letter from Mr. Adkins to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

128.    Defendants admit that, on October 7, 2016, Mr. Adkins opted out of the arbitration agreement with Comcast Cable in the Comcast Agreement for Residential Services.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

129.    Defendants incorporate by reference, as if set forth fully herein, their responses to the allegations of Paragraph 117.  Defendants deny the remaining allegations of this paragraph.

130.    Denied.

131.    Defendants admit that Plaintiffs' counsel faxed and emailed a letter to Comcast Senior Vice President, Deputy General Counsel on October 8, 2016.  Defendants further admit that a litigation paralegal acknowledged receipt of the October 8, 2016 letter by an email reply on October 10, 2016.  Defendants deny the remaining allegations of this paragraph that characterize the content or legal effect of documents, as the documents speak for themselves.

132.    Defendants admit that Plaintiffs attached a purported copy of Mr. Adkins's March 2017 bill to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.  Defendants deny the remaining allegations of this paragraph.

133.    The parties have agreed that Defendants need not respond to this paragraph.

134.    The parties have agreed that Defendants need not respond to this paragraph.

135.    The parties have agreed that Defendants need not respond to this paragraph.

136.    The parties have agreed that Defendants need not respond to this paragraph.

137.    The parties have agreed that Defendants need not respond to this paragraph.

138.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

### D.    PLAINTIFF CHRISTOPHER ROBERTSON

139.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

140.    Defendants admit that Plaintiffs attached a purported copy of a direct mail advertisement to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

141.    Defendants admit that Plaintiffs attached a purported copy of a direct mail advertisement to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

142.    Defendants admit that Plaintiffs attached a purported copy of a direct mail advertisement to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

143.    Defendants admit that Plaintiffs attached a purported copy of a direct mail advertisement to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.  By way of a further response, Defendants state that the purported copy of the direct mail advertisement disclosed that "Equipment, installation, taxes and fees, including Regulatory Recovery Fee (up to $3.50/mo.), Broadcast TV Fee (up to

$3.50/mo.), Regional Sports Fee (up to $1.00/mo.) and other charges extra, and subject to change during and after the promo." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

144.    Defendants admit that Plaintiffs attached a purported copy of a direct mail advertisement to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

145.    Defendants admit that Plaintiffs attached a purported copy of a direct mail advertisement to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself. By way of a further response, Defendants state that the purported copy of the direct mail advertisement disclosed that "Equipment, installation, taxes and fees, including Regulatory Recovery Fee (up to $3.50/mo.), Broadcast TV Fee (up to $3.50/mo.), Regional Sports Fee (up to $1.00/mo.) and other charges extra, and subject to change during and after the promo." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

146.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

148.    Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

149.    Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint. Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves. Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

150.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

151.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

152.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

153.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

154.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

155.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

156.    Defendants admit that an order was placed online for service for Mr. Robertson. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

157.    Defendants admit that Comcast Cable bill statement sent to Mr. Robertson was dated March 2016.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.  The remaining allegations of this paragraph consist of arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

158.    Defendants admit that Mr. Robertson agreed to a one-year Minimum Term Agreement under which an early termination fee may be assessed.  The remaining allegations of this paragraph consist of arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegation of this paragraph.

159.    Defendants admit that a Comcast Cable bill statement sent to Mr. Robertson was dated November 14, 2015.  Defendants deny the allegations of this paragraph that characterize the content of

the document, as the document speaks for itself.  To the extent the allegations characterize Mr. Robertson's state of mind, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny them.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

160.    Defendants admit that, on November 14, 2015, Mr. Robertson initiated an online chat with a Comcast Cable customer service agent.  Defendants deny the allegations of this paragraph that characterize the content of the online chat, as the record of the online chat speaks for itself.

161.    Defendants admit that, on December 2, 2015, Mr. Robertson opted out of the arbitration agreement in the Subscriber Agreement.

162.    Defendants admit that, on December 24, 2015, counsel for Mr. Robertson mailed a letter to Comcast Corporation.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.

163.    Defendants admit that, on February 25, 2016, Comcast's Senior Vice President, Deputy General Counsel mailed a response letter to counsel for Mr. Robertson.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.

164.    Defendants admit that Mr. Robertson had an online chat with a Comcast Cable representative on March 16, 2016.  Defendants deny the allegations of this paragraph that characterize the content of the online chat, as the record of the online chat speaks for itself.

165.    Defendants admit that Mr. Robertson had an online chat with a Comcast Cable representative on March 16, 2016.  Defendants deny the allegations of this paragraph that characterize the content of the online chat, as the record of the online chat speaks for itself.

166.    Defendants admit that Mr. Robertson had an online chat with a Comcast Cable representative on March 16, 2016.  Defendants deny the allegations of this paragraph that characterize the content of the online chat, as the record of the online chat speaks for itself.

167.    Defendants admit that Mr. Robertson had an online chat with a Comcast Cable representative on March 16, 2016.  Defendants deny the allegations of this paragraph that characterize the content of the online chat, as the record of the online chat speaks for itself.

168.    Defendants admit that Mr. Robertson had an online chat with a Comcast Cable representative on March 16, 2016.  Defendants deny the allegations of this paragraph that characterize the content of the online chat, as the record of the online chat speaks for itself.

169.    Defendants admit that Plaintiffs attached a purported copy of Mr. Robertson's May 8, 2016 bill statement to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.

170.    Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.

171.    Defendants admit that Mr. Robertson agreed to a one-year Minimum Term Agreement under which an early termination fee may be assessed.  The remaining allegations of this paragraph consist of arguments and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

172.    Defendants admit that a copy of that Minimum Term Agreement for the account ending in 9315 had not been previously emailed or mailed to Mr. Robertson.  Defendants deny the remaining allegations of this paragraph.

173.    Defendants admit that Mr. Robertson terminated his service with Comcast Cable in February 2017.

174.    The parties have agreed that Defendants need not respond to this paragraph.

175.    The parties have agreed that Defendants need not respond to this paragraph.

176.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

177.    Denied.

178.    Defendants admit that Plaintiffs filed this action through their counsel.  The remaining allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

179.    Defendants admit that Plaintiffs purport to seek relief in the form of damages and/or restitution.  The remaining allegations of this paragraph consist of arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of

this paragraph.

180.    Defendants admit that Plaintiffs purport to seek public injunctive relief.  The remaining allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegation of this paragraph.

181.    Denied.

182.    Defendants admit that, in January 2014, Comcast Cable began itemizing some of the costs associated with retransmitting the broadcast TV signals as a Broadcast TV fee separate from the base-monthly charge for some customers.  Defendants deny the remaining allegations of this paragraph.

183.    Defendants admit that, in January 2015, Comcast Cable began itemizing some of the costs associated with regional sports network programming as a Regional Sports fee separate from the base-monthly charge for some customers.  Defendants deny the remaining allegations of this paragraph.

184.    Defendants admit that Comcast Cable currently charges the Broadcast TV fee to all Comcast Cable subscribers.  Defendants further admit that Comcast Cable charges the Regional Sports fee to certain Comcast Cable subscribers.

185.    Defendants admit that the Broadcast TV fee and Regional Sports fee in some instances may total $12 per month.  Defendants deny the remaining allegations of this paragraph.

186.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

187.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

188.    Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves.  Defendants deny the remaining allegations of this paragraph.

189.    Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves.  Defendants deny the remaining allegations of this paragraph.

190.    Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves.  Defendants deny the remaining allegations of this paragraph.

191.    Defendants admit that Plaintiffs attached purported screenshots to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves.  Defendants deny the remaining allegations of this paragraph.

192.    Defendants admit that Plaintiffs attached a purported copy of a direct mail advertisement to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the documents, as the document speak for themselves.  By way of a further response, Defendants state that the purported copy of the direct mail advertisement disclosed that "Equipment, installation, taxes and fees, including Regulatory Recovery Fee (up to $3.50/mo.), Broadcast TV Fee (up to $3.50/mo.), Regional Sports Fee (up to $1.00/mo.) and other charges extra, and subject to change during and after the promo." Defendants deny the remaining allegations of this paragraph.

193.    Defendants admit that Plaintiffs attached a purported copy of a direct mail advertisement to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the documents, as the documents speak for themselves.  By way of a further response, Defendants state that the purported copy of the direct mail advertisement disclosed that "Equipment, installation, taxes and fees, including Regulatory Recovery Fee (up to $3.50/mo.), Broadcast TV Fee (up to $3.50/mo.), Regional Sports Fee (up to $1.00/mo.) and other charges extra, and subject to change during and after the promo."  Defendants deny the remaining allegations of this paragraph.

194.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

195.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

196.    Denied.

197.    Defendants incorporate by reference, as if set forth fully herein, their responses to the

allegations of Paragraph 57.  Defendants deny the remaining allegations of this paragraph.

198.    Defendants incorporate by reference, as if set forth fully herein, their responses to the allegations of Paragraphs 153 and 154.  Defendants deny the remaining allegations of this paragraph.

199.    Denied.

200.    Defendants admit that John Bailey spoke with a Comcast Cable representative on July 23, 2016.  Defendants deny the remaining allegations of this paragraph and related footnote.

201.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

202.    Denied.

203.    Denied.

204.    Defendants incorporate by reference, as if set forth fully herein, their responses to the allegations of Paragraphs 66 and 67.  Defendants deny the remaining allegations of this paragraph.

205.    Defendants incorporate by reference, as if set forth fully herein, their responses to the allegations of Paragraph 165.  Defendants deny the remaining allegations of this paragraph.

206.    Denied.

207.    Defendants deny the allegations of this paragraph and related footnote that characterize the content of the document, as the document speaks for itself.

208.    Defendants deny the allegations of this paragraph and related footnote that characterize the content of the document, as the document speaks for itself.

209.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

210.    Denied.

211.    Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.

212.    Defendants admit that Plaintiffs attached a purported copy of the Subscriber Agreement to the First Amended Complaint.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.

213.    Defendants deny the allegations of this paragraph that characterize the content of the

document, as the document speaks for itself. Defendants deny the remaining allegations of this paragraph. By way of a further response, Defendants state that the Minimum Term Agreement states "Equipment, installation, taxes and fees, including Broadcast TV Fee (currently up to $5.00/mo.), Regional Sports Fee (currently up to $3.00/mo.) … are extra, such charges and fees are subject to change during and after the term of this Agreement."

214.    Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself. By way of a further response, Defendants state that the Minimum Term Agreement states "Equipment, installation, taxes and fees, including Broadcast TV Fee (currently up to $5.00/mo.), Regional Sports Fee (currently up to $3.00/mo.) … are extra, such charges and fees are subject to change during and after the term of this Agreement."

215.    Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.

216.    The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

217.    Defendants deny the allegations of this paragraph and related footnotes that characterize the content of the document, as the document speaks for itself. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

218.    Defendants admit that Comcast Cable is permitted to increase the Broadcast TV fee and/or the Regional Sports fee during the term of the agreement, as specified in the Minimum Term Agreement and Subscriber Agreement. The remaining allegations of this paragraph consist of arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

219.    Defendants admit that Comcast Cable increased the Broadcast TV fee and the Regional Sports fee during the term of Mr. Tillage's agreement, as specified in the Minimum Term Agreement and Subscriber Agreement. Defendants incorporate by reference, as if set forth fully herein, their responses to the allegations of Paragraph 43. Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself. Defendants deny the remaining

allegations of this paragraph.

220.    Defendants admit that Comcast Cable increased the Broadcast TV fee and the Regional Sports fee during the term of Mr. Loomis' agreement, as specified in the Minimum Term Agreement and Subscriber Agreement.  Defendants incorporate by reference, as if set forth fully herein, their responses to the allegations of Paragraph 89.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.  Defendants deny the remaining allegations of this paragraph.

221.    Defendants admit that Comcast Cable increased the Broadcast TV fee and the Regional Sports fee during the term of Mr. Adkins's agreement, as specified in the Minimum Term Agreement and Subscriber Agreement.  Defendants incorporate by reference, as if set forth fully herein, their responses to the allegations of Paragraph 132.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.  Defendants deny the remaining allegations of this paragraph.

222.    Defendants admit that Comcast Cable increased the Broadcast TV fee and the Regional Sports fee during the term of Mr. Robertson's agreement, as specified in the Minimum Term Agreement and Subscriber Agreement.  Defendants incorporate by reference, as if set forth fully herein, their responses to the allegations of Paragraph 157.  Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.  Defendants deny the remaining allegations of this paragraph.

223.    Denied.

224.    Denied.

225.    Defendants deny the allegations of this paragraph that characterize the content of the blog post, as the blog post speaks for itself.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

## V.   CLASS ACTION ALLEGATIONS

230.    This is a summary of Plaintiffs' putative class definition which does not require a response.  To the extent a response is required, Defendants deny the allegations of this paragraph.

231.    This paragraph is a summary of Plaintiffs' putative class definition which does not require a response.  To the extent a response is required, Defendants deny the allegations of this paragraph.

232.    Denied.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Denied.

## CAUSES OF ACTION

### COUNT I

**(California Business & Professions Code § 17200 *et seq.*)**

237.    Defendants incorporate by reference, as if set forth fully herein, their responses to every allegation set forth in the preceding paragraphs.

238.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

239.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

240.    Denied.

241.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

242.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

243.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

244.    Defendants deny the allegations of this paragraph that characterize the content of the document, as the document speaks for itself.  Defendants deny the remaining allegations of this

paragraph.

245.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

<u>**COUNT II**</u>

**Violation of California's False Advertising Law**

**(California Business and Professions Code § 17500 *et seq.*)**

246.    Defendants incorporate by reference, as if set forth fully herein, their responses to every allegation set forth in the preceding paragraphs.

247.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

248.    Denied.

249.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

250.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

251.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

252.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

253.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

254.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

255.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

256.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

257.    Defendants deny the allegations of this paragraph that characterize the content of the

document, as the document speaks for itself.  Defendants deny the remaining allegations of this paragraph.

258.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

**COUNT III**

**Violation of the Consumers Legal Remedies Act**

**(California Civil Code § 1750 *et seq.*)**

259.    Defendants incorporate by reference, as if set forth fully herein, their responses to every allegation set forth in the preceding paragraphs.

260.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

261.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

262.    This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

263.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

264.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

265.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

270.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

271.    This paragraph consists of legal conclusions to which no response is required.  To the

extent a response is required, Defendants deny the allegations of this paragraph.

272. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

273. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

274. Defendants admit that Plaintiffs attached purported letters from and to Plaintiffs' counsel to the First Amended Complaint. Defendants deny the remaining allegations of this paragraph that characterize the content or legal effect of documents that speak for themselves.

275. Defendants admit that Plaintiffs attached purported letters from and to Plaintiffs' counsel to the First Amended Complaint. Defendants deny the remaining allegations of this paragraph that characterize the content or legal effect of documents, as the documents speak themselves.

276. Defendants admit that Plaintiffs attached purported letters from Plaintiffs' counsel to the First Amended Complaint. Defendants incorporate by reference, as if set forth fully herein, their responses to the allegations of Paragraphs 91 and 92. Defendants deny the remaining allegations of this paragraph that characterize the content or legal effect of documents, as the documents speak for themselves.

277. Defendants admit that Plaintiffs attached purported letters from Plaintiffs' counsel to the First Amended Complaint. Defendants incorporate by reference, as if set forth fully herein, their responses to the allegations of Paragraph 46. Defendants deny the remaining allegations of this paragraph that characterize the content or legal effect of documents, as the documents speak for themselves.

278. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

279. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

280. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

281. This paragraph consists of legal conclusions to which no response is required. To the

extent a response is required, Defendants deny the allegations of this paragraph.

282.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

283.    Defendants deny the allegations of this paragraph that characterize the content or legal effect of documents, as the documents speak for themselves.  Defendants deny the remaining allegations of this paragraph.

## COUNT IV

### Permanent Public Injunctive Relief

### (C.C.P. § 3422 and All Inherent or Other Authority)

284.    Defendants incorporate by reference, as if set forth fully herein, their responses to every allegation set forth in the preceding paragraphs.

285.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

286.    Defendants deny the allegations of this paragraph that characterize the content or legal effect of documents, as the documents speak for themselves.  Defendants deny the remaining allegations of this paragraph.

287.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

## COUNT V

### Breach of Contract

288.    Defendants incorporate by reference, as if set forth fully herein, their responses to every allegation set forth in the preceding paragraphs.

289.    Defendants admit that Mr. Loomis and Mr. Tillage agreed to Minimum Term Agreements and the Subscriber Agreement with Comcast Cable for their service.  The remaining allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

290.    Denied.

291.    This paragraph consists of legal conclusions to which no response is required.  To the

extent a response is required, Defendants deny the allegations of this paragraph.

292.    This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

293.    This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief requested of this paragraph.

## JURY DEMAND

Defendants admit that Plaintiffs have demanded a jury.

## DEFENDANTS' SEPARATE OR ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiffs, Defendants assert the following additional or affirmative defenses to Plaintiffs' claims. Defendants reserve the right to amend as they gathers information regarding Plaintiffs and/or putative class members through further discovery, and/or in the event any of the claims set forth in the First Amended Complaint are certified for class treatment.

1.    Plaintiffs' claims, as well as those of some putative class members, are barred, in whole or in part, because Plaintiffs and putative class members have agreed to arbitrate their claims on an individual basis.

2.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because this Court does not have personal jurisdiction over Defendant Comcast Corporation.

3.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because they are preempted by operation of federal law and the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2.

4.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part because they lack Article III standing to pursue their claims, and/or because they cannot satisfy the requirements of Article III standing so as to permit recovery of monetary damages or restitution, or any form of injunctive relief.

5.    Plaintiffs and some or all putative class members lack standing to bring claims under the

statutes upon which they purport to assert entitlement to relief.

6.     The claims of Plaintiffs or putative class members are barred, in whole or in part, due to a lack of standing to maintain some or all of the claims asserted in the action, including but not limited to because one or more of them is not the contract party, not a proper representative of a contracting party, or otherwise lacks the legal right to pursue certain claims (e.g., due to personal bankruptcy).

7.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the primary jurisdiction doctrine.

8.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by contractual statute of limitations.

9.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the statutory statute of limitations, including but not limited to California Business & Professions Code section 17208, California Civil Code section 1783, California Civil Code section 337, California Civil Code section 338 and/or California Code of Civil Procedure section 339(1).

10.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the statute of frauds.

11.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the doctrine of laches.

12.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the doctrine of unclean hands.

13.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the doctrine of estoppel.

14.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Plaintiffs and putative class members have an adequate remedy at law.

15.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because this case is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.  The proposed classes do not satisfy the requirements of Rule 23 including, but not limited to, class definition, ascertainability, numerosity, commonality, typicality, adequacy of representation, superiority, and manageability.

16.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Plaintiffs are not proper representatives to bring this action on behalf of any proposed class.

17.     Plaintiffs' claims cannot be asserted on behalf of some putative class members because putative class members have agreed to arbitrate their claims on an individual basis

18.     To the extent Plaintiffs fail to demonstrate that Plaintiffs and every putative class member relied on Comcast Cable's representations in deciding to subscribe to service, any finding of liability on a class-wide basis would violate Defendants' rights under the Due Process Clause of the California Constitution, the U.S. Constitution, and any other applicable state constitutions.

19.     To the extent Plaintiffs fail to demonstrate that Plaintiffs and every putative class member sustained cognizable damages based on Defendant's actions or omissions, any finding of liability on a class-wide basis would violate Defendants' rights under the Due Process Clause of the California Constitution, the U.S. Constitution, and any other applicable state constitutions.

20.     To the extent that they are not permitted to conduct discovery and introduce evidence as to each and every class member's individual claims, any finding of liability on a class-wide basis would violate Defendants' rights under the United States Constitution and the California Constitution.

21.     Any award of punitive and/or exemplary damages in this case would (a) violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 7 of the California Constitution, and could constitute an excessive fine under the Excessive Fines Clauses of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and Article I, Section 17 of the California Constitution; and (b) would violate the Fourth, Fifth and Sixth Amendments to the United States Constitution.

22.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because neither Plaintiff and/or any putative class member suffered any actionable injury or damage on which relief can be granted.

23.     To the extent Plaintiffs and/or any putative class members purport to seek relief on behalf of any person who has not suffered any damages, Plaintiffs' claims violate the Defendants' rights to Due Process under the Fourteenth Amendment to the United States Constitution and under the California Constitution.

24.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Plaintiffs and/or putative class members have enjoyed the benefits of the products and services which are the subject of the First Amended Complaint, and are thereby barred from pursuing one or more of the claims for relief set forth in the First Amended Complaint.

25.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because a remedy thereon would constitute unjust enrichment for Plaintiffs and/or putative class members.

26.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the doctrines of offset and recoupment.  Defendants are entitled to offset and recoup against any judgment that may be entered for Plaintiffs and/or on behalf of putative class members for all obligations owing by them to the Defendants.

27.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because of the written agreements that Plaintiffs and putative class members entered into, specifically the Comcast Agreement for Residential Services and Section 4 of the Minimum Term Agreement.

28.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the doctrine of voluntary payment.

29.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the doctrine of waiver.

30.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because the Plaintiffs have failed to mitigate their alleged damages, if any.

31.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the doctrines of settlement, release and compromise.

32.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Defendants acted in good faith and in accordance with reasonable commercial standards.

33.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because any alleged damages or injuries resulted, in whole or in part, from Plaintiffs' own conduct and/or the conduct of putative class members.

34.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Plaintiffs and/or putative class members are not entitled to monetary damages because damages, if any, are too speculative.

35.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because they (a) failed to exercise ordinary and reasonable care on their own behalf; (b) intentionally or recklessly disregarded their own interests, through action or inaction; and/or (c) otherwise committed wrongdoing, and that such acts and/or omissions were the proximate cause of all or some of their injuries, if any.

36.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because any alleged damages were not caused by the Defendants, but instead by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Defendants are not responsible.

37.     To the extent Plaintiffs or putative class members assert any claim arising from Defendants' protected activities, including any written or oral statement made in connection with an issue under consideration or review by a legislative body, such claim is barred by rights of petition or free speech under the United States Constitution and California Constitution, and is otherwise protected under California Code of Civil Procedure 425.16.

38.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, to the extent they violate Defendants' rights to free speech under the United States Constitution and the California Constitution.

39.     To the extent Plaintiffs and putative class members assert any claim challenging conduct that is permitted under statute, regulation or other principle of law, such claims are barred by the safe harbor doctrine.

40.     The claims of Plaintiffs and putative class members are barred because any loss or injury resulting from the conduct challenged in the First Amended Complaint was reasonably avoidable.

## **RESERVATION OF RIGHTS**

Defendants expressly reserve and assert all affirmative defenses available under any applicable law.  Defendants reserve their rights to supplement their Answer and to assert additional defenses in the

event that discovery or other means indicate that such additional defenses would be applicable.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court enter judgment in favor of Defendants, together with attorneys' fees, costs, and all other legal and equitable relief that this Court deems just and proper.

Dated: July 17, 2020                                    AKIN GUMP STRAUSS HAUER & FELD LLP


By _/s/ *Michael J. Stortz*_____
                Michael J. Stortz

Attorneys for COMCAST CORPORATION and
COMCAST CABLE COMMUNICATIONS, LLC