UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TILLAGE, et al.,<br><br>                    Plaintiffs,<br><br>           v.<br><br>COMCAST CORPORATION, et al.,<br><br>                    Defendants. | Case No. 17-cv-06477-VC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 115 |

    Tillage and his co-plaintiffs signed up for one- or two-year fixed-price contracts for cable service from Comcast. They allege that Comcast charged them fees that were concealed at the time they signed up, and then increased those fees in violation of the fixed-price contract. Based on this conduct, the plaintiffs assert claims under California's false advertising law and related consumer protection laws. Comcast has filed a motion for judgment on the pleadings, contending that the claims are preempted by federal law. They are not preempted, and it's not a close question.

    The Cable Act and its regulations preempt state or local laws that restrict rates or prohibit the types of alterations to cable packages that are blessed by the FCC, but they do not permit cable companies to lie about the rates they charge, and they do not shield those companies from generally applicable police power regulations designed to prevent consumer deception. 47 U.S.C. § 556(a), (c); *see Total TV v. Palmer Communications, Inc.*, 69 F.3d 298, 302–03 (9th Cir. 1995); *Allarcom Pay Television v. General Instrument*, 69 F.3d 381, 386 (9th Cir. 1995); *Cable Television Association of New York v. Finneran*, 954 F.2d 91, 101–02 (2d Cir. 1992); *Time Warner Cable v. Doyle*, 66 F.3d 867, 881–82 (7th Cir. 1995); *Fischer v. Time Warner*

*Cable Inc.,* 234 Cal. App. 4th 784, 796 (Cal. App. 2015). The claims asserted by the plaintiffs do not seek to prevent Comcast from charging any particular rate or altering any cable package, and a judgment for the plaintiffs could not realistically have that practical effect. Nor would the plaintiffs' claims, if successful, prevent Comcast from passing external costs on to customers as authorized by the FCC. Rather, this lawsuit seeks to prevent Comcast from making misrepresentations about the rates and fees it charges, and to redress the financial harm the alleged false advertising caused for members of the class. Perhaps the plaintiffs will, in their zeal, offer up some ill-fitted restitution model or proposed injunction that would indeed interfere with Comcast's ability to charge particular rates or to pass on external costs to customers as permitted by the FCC. If that happens, it can be addressed. But there is no reason to assume it will happen, because such relief is not necessary to vindicate the plaintiffs' claims about Comcast's alleged misrepresentations to consumers. Thus, Comcast's current request to enter judgment in its favor on the grounds that these claims are facially preempted is baseless. The motion for judgment on the pleadings is denied.

**IT IS SO ORDERED.**

Dated: December 30, 2020

_____
VINCE CHHABRIA
United States District Judge