Pages 1-17

1                  UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
2                    SAN FRANCISCO DIVISION

3

4    CHARLES TILLAGE, et al.,      )  Case No.  17-cv-06477-VC
                                   )
5              Plaintiffs,         )  San Francisco, California
                                   )  Wednesday, March 10, 2021
6         v.                       )
                                   )
7    COMCAST CORPORATION, et al.,  )
                                   )
8              Defendants.         )
     _____)

9

10

          TRANSCRIPT OF ZOOM CASE MANAGEMENT CONFERENCE
11            BEFORE THE HONORABLE VINCE CHHABRIA
             UNITED STATES DISTRICT COURT JUDGE
12

13   APPEARANCES VIA ZOOM:

14   For Plaintiffs:            ROGER N. HELLER, ESQ.
                                Lieff Cabraser Heimann
15                              & Bernstein, LLP
                                275 Battery Street, 29th Floor
16                              San Francisco, California 94111
                                (415) 956-1000
17
     For Defendants:            SEAMUS C. DUFFY, ESQ.
18                              Akin Gump Strauss Hauer & Feld LLP
                                Two Commerce Square
19                              2001 Market Street, Suite 4100
                                Philadelphia, Pennsylvania 19103
20                              (215) 965-1265

21                              MICHAEL J. STORTZ, ESQ.
                                Akin Gump Strauss Hauer & Feld LLP
22                              580 California Street, Suite 1500
                                San Francisco, California 94104
23                              (415) 765-9500

24

25   Proceedings recorded by electronic sound recording; transcript
     produced by transcription service.

2

1   APPEARANCES:   (Cont'd.)

2   Transcription Service:          Peggy Schuerger
                                    Ad Hoc Reporting
3                                   2220 Otay Lakes Road, Suite 502-85
                                    Chula Vista, California 91915
4                                   (619) 236-9325

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1    SAN FRANCISCO, CALIFORNIA  WEDNESDAY, MARCH 10, 2021  2:02 P.M.

2                              --oOo--

3           THE CLERK:  Calling Case Number 17-cv-6477, Tillage, et

4    al. v. Comcast Corporation, et al.  Counsel for the Plaintiff,

5    please state your appearance for the record.

6           MR. HELLER:  Good afternoon, Your Honor.  Roger Heller

7    for Plaintiffs.

8           THE COURT:  Good afternoon.

9           THE CLERK:  Attorneys?

10          MR. DUFFY:  Good afternoon, Your Honor.  Seamus Duffy

11   for the Comcast Defendants.

12          THE COURT:  Hello.

13          MR. STORTZ:  Mike Stortz, Your Honor, for the Comcast

14   Defendants.  Good afternoon.

15          THE COURT:  Hi.  So I wanted to talk to you about this

16   stipulation.  My concern -- hold on just a second.  My -- my

17   concern -- I'm pulling up the stip.  My concern and my question is

18   how -- how did we get to a point where we were reframing and

19   adjudicating summary judgment and class certification at the same

20   time?

21          MR. HELLER:  Well, I guess I'd probably kick that

22   question to Comcast.  They decided sort of when they wanted to

23   file their summary judgment motion.  We didn't have sort of an

24   agreed schedule on that other than that they could sort of file

25   sometime within the existing schedule, so I think they ultimately

1    decided when they wanted to file that.  So I think they can answer

2    that.

3         THE COURT:  Okay.  And are you planning on filing -- let

4    me ask you, Mr. Heller.  Are you planning on filing a cross-motion

5    for summary judgment as to the liability for the -- for the named

6    Plaintiff or not -- or Plaintiffs or not?

7         MR. HELLER:  Not at this time.  I think our plan at this

8    point is to -- if we're going to move for summary judgment, it

9    would be later on after class certification and after we've

10   completed discovery because discovery is still ongoing.  The

11   discovery to date has been focused on class certification, though

12   not bifurcated.

13        THE COURT:  Well, what -- so, I mean, usually I have a

14   discussion with the parties towards the beginning of the case in

15   these proposed class actions about whether we're going to do class

16   certification or summary judgment first and, you know, I have a

17   discussion with the Defense about, you know, whether they would

18   like to avoid the expense and difficulty of doing, you know, class

19   certification discovery and just go straight to summary judgment

20   on liability as to the named Plaintiff.  You know, the benefit

21   being, if you win, you've gotten rid of the case and you have a

22   district court opinion explaining why you're not liable.  The

23   downside, of course, being that you, you know, the other -- the

24   class members aren't out by the ruling.

25        And so did we have that conversation towards the beginning of

1  this case?  I mean, I sort of assumed from the schedule that we

2  set that we did have that conversation and we decided to go -- do

3  class certification first.

4          MR. DUFFY:  Your Honor, --

5          MR. HELLER:  Your Honor, --

6          MR. DUFFY:  I'm sorry, Roger.

7          MR. HELLER:  Go ahead, Seamus.  That's okay.

8          MR. DUFFY:  Your Honor, the case has a little bit of an

9  unusual procedural history.  At the time that the Tillage, Loomis

10  case began, there was the arbitration issue that was ultimately up

11  in the Ninth Circuit.  And when we first talked about case

12  management in this case, I believe the appeal was still sort of

13  live and going on.

14      And so I would say this, sir.  We never did have that

15  discussion.  In -- in the original case management orders and the

16  stipulations that followed beginning, as I recall it, sometime

17  maybe middle of last year or last summer, we -- we had included a

18  provision that said Comcast may have dispositive motions in the

19  interim as discovery proceeds.

20      I would say this, sir.  As it turns out, there are some

21  particularized issues as to the named Plaintiffs' claims that

22  really came out of their depositions that occurred in December

23  where the actual facts of what occurred with them we would say

24  don't really match up to the complaint.  And so the arguments are

25  very targeted to the named Plaintiffs' claims -- standing issues

1  and the like.  The motion itself doesn't seek sort of class-wide

2  liability rulings.  More -- it's more focused on the individual

3  Plaintiffs' experience themselves.

4      And so we thought it appropriate.  We raised the issue with

5  the Plaintiffs, you know, a couple times through, so I don't think

6  they were surprised by it.  And then we took the depositions in

7  December and notified them in early January that we wanted to put

8  this on calendar.

9      And our thought, Your Honor, was that you would either sort

10  of take it first, which is the way we've got it set up in the

11  schedule, or you might take the approach of saying, I want to

12  consider them together -- the certification and the summary

13  judgment -- which of course some courts do.

14      And so that's -- that's the history, sir.

15          THE COURT:  Okay.  So, I mean -- so, again, I haven't

16  read -- I haven't looked at your summary judgment motion, so --

17  you filed it; right?  You filed your summary judgment motion?

18          MR. DUFFY:  Yes, sir.

19          THE COURT:  Okay.  I haven't looked at it, so I don't --

20  you know, I was just -- you know, developed this concern in the

21  abstract but, you know, a lot of times, to the extent that you're

22  doing summary judgments in conjunction -- to the extent that

23  you're doing summary judgment before class certification, the

24  ruling on summary judgment can sometimes inform the analysis on

25  class certification.  For example, I mean, just a hypothetical

1   example -- you know, let's say there are four claims and you file

2   a motion for summary judgment and you win on two of the -- the

3   Defendant wins on two of the claims, then the question is:  Do we

4   certify a class on the other two claims?  And it may be that if

5   you're briefing them at the same time, the parties may have

6   focused primarily on whether it's appropriate to certify a class

7   on the claims that now are out of the case.

8        So from a case management standpoint, you know, I think -- I

9   think it often makes sense to do summary judgment first and then

10  do class certification.   It often makes sense to do class

11  certification first and then summary judgment.   I think it's

12  probably rare that it makes sense to do both of them at the same

13  time because your ruling on one could, you know, dramatically

14  affect the other.  Your ruling on summary judgment could affect

15  the analysis on class certification, or the ruling on class

16  certification could affect the analysis on summary judgment.

17       So I, you know -- I don't know whether this is one of those.

18  I just have a general reluctance to be doing them at the same

19  time.  On the other hand, this case is like, you know, from the

20  dark ages.  This case has been around forever.  I mean, a part of

21  it is nobody's fault.  It was just there was an appeal pending in

22  the Ninth Circuit or maybe there were -- you went up a couple

23  times -- I can't even remember.  But -- but, you know, given the

24  comments that I've just made, what's -- what is everybody's

25  reaction to what -- what we should so here?

1          MR. HELLER:  Your Honor, you know, from our perspective,

2    we're not concerned about the summary judgment motion and so we're

3    not as concerned about the timing of it.  I mean, our interest is

4    -- including because the case has been around for so long -- is in

5    getting, you know, to class certification as quickly as we can and

6    getting that -- getting that done.

7          And so where the summary judgment motion falls in that and

8    when it's heard is less of a concern to us, although I certainly

9    understand Your Honor's comments about in many cases, you know, it

10   can clear stuff up or it can make sense to do it after class

11   certification.

12         This may be the type of case where it makes sense to hear

13   that after class certification.  From our perspective, I think if

14   it was the choice, we would say, Let's get class certification

15   done and then let's deal with summary judgment.

16         THE COURT:  Well, maybe -- Mr. Duffy, maybe you could

17   describe with a little more specificity what your summary judgment

18   motion is.

19         MR. DUFFY:  Your Honor, the summary judgment motion

20   is -- these two Plaintiffs, as the complaint was originally

21   pled -- alleged that they -- effectively that they did not

22   contract with Comcast.  They were not bound by Comcast uniform

23   customer agreement that it uses with customer accounts.  They had

24   individual stories account, their individual experience.  They had

25   avoided being bound by those agreements.

1      And through the discovery process, we believe, Your Honor,

2  that it was demonstrated that indeed they did agree to those

3  agreements.   And their stories -- I won't go into detail, but

4  their -- the actual experiences they had really don't match up in

5  some fundamental ways to the way the complaint was pled.

6      And so the arguments are really -- then there's a *Sonner* (ph)

7  issue, Your Honor, the argument about their standing --

8          THE COURT:  What issue?

9          MR. DUFFY:  Pardon me?

10          THE COURT:  What issue?

11          MR. DUFFY:  The issue of whether they're in a position

12  to seek equitable relief in light of the fact that they have a

13  damages remedy that's adequate.  And so that's another legal issue

14  that's presented in the motion.

15      So the motion is very focused on the individual named

16  Plaintiffs' claims and the liability of those claims.  It doesn't

17  ask Your Honor to pronounce, for example, Comcast advertising is

18  not misleading as a general matter.  It's really focused on the

19  individual Plaintiffs' experience.

20      I do think, Your Honor, that adjudicating that motion

21  first -- first of all, we think it's important that it be

22  adjudicated first, number one.

23      Number two, I think it's the kind of motion, Your Honor, that

24  even if Your Honor were to deny the motion on one claim, let's

25  say, for whatever reason, I think the exercise itself will cast a

1   lot of light on the viability of the certification motion in this

2   case because by adjudicating the summary judgment motion, I think

3   Your Honor will see that the process of going through the

4   purchasing process with this kind of service doesn't lend itself

5   to certification.

6       So I do think there will be -- even if some claims survive,

7   the exercise will be useful.  And we feel strongly, Your Honor,

8   that the motion should be adjudicated first --

9       THE COURT:  Well, that last point I don't think really

10  matters because, to the extent that any of the stuff from the

11  summary judgment motion is useful to the decision of whether it's

12  amenable to class certification, you just could have -- you could

13  have just put it in your opposition to the class certification

14  motion.

15      MR. DUFFY:  True, Your Honor.  I mean, we have and we

16  probably will, you know, on issues like typicality and adequacy

17  and the like.  I think that some of the same points would be made

18  and I think would be important.  But given the way discovery

19  proceeded, the Plaintiffs' depositions occurred, you know, in the

20  fourth quarter of last year, in the December time frame, and the

21  motion very much comes out of that testimony.  And so from a

22  timing standpoint, the Plaintiffs -- it was clear to us that the

23  Plaintiffs were not going to be amenable to deferring

24  certification at that point.  We didn't even really have that

25  discussion.  It was just a question of fitting in the summary

1   judgment motion into the existing schedule, which we did.

2           THE COURT:  Okay.  So now that we've -- now that we've

3   had this discussion, let me look back at your stip.  And did --

4   the Plaintiffs, ultimately did you file your opposition?

5           MR. HELLER:  We -- yes, we did, Your Honor.  We filed

6   our opposition to the summary judgment motion.  And let me just

7   say -- I think kind of what you're hearing from Comcast I think at

8   most would support hearing the motions at the same time.

9       I mean, it's not a summary motion that's going to clear stuff

10  out of the way for class -- that's going to really affect how

11  class certification gets resolved.  I mean, we obviously just --

12  I should say we obviously disagree with the characterization of

13  their testimony somehow undermining would be different from, you

14  know, the way that their allegations and claims were pled in the

15  first place.

16      And on the sort of other aspect of the summary judgment

17  motion, which is *Sonner*, I mean, I think it's relatively clear

18  that we are pursuing equitable relief that's -- you know, that's

19  different from, you know, relief that's available under the legal

20  claims.  And even if that were not the case, I don't think it

21  affects -- you know, at most it affects sort of what officially --

22  what the claims are that we are pursuing, but it doesn't really

23  affect really the story either side of the teller (ph) class

24  certification or ultimately the class certification decision.  It

25  just would impact which specific claims got certified.

1    You know, whether it's just a CLRA claim, for example, or is

2  a CLRA claim and a false advertising law claim, you know, that's

3  sort of the kind of thing that, you know, I guess in theory could

4  be affected by the summary judgment motion, but no reason why

5  those two -- why those two motions couldn't be heard together.

6    And I do think there's value in hearing them both at the same

7  time.

8         THE COURT:  Okay.  And then -- now I'm looking at the

9  schedule you're contemplating for class certification.  I mean, as

10 it stands now, the deadline for the reply is due on March 25th,

11 right, the summary judgment reply.

12    And the hearing would be April 8th, so that's coming up quite

13 -- quite soon.  And you're contemplating for class certification,

14 you're contemplating filing your motion the end of this month and

15 then you're contemplating an opposition being filed about two

16 months later to class certification?

17        MR. HELLER:  Correct.

18        THE COURT:  And you're contemplating a reply being filed

19 another month-plus later and a hearing happening another month

20 later after that.

21    And I gather the reason you've created such an elongated

22 schedule is that you're planning on doing a bunch of discovery as

23 the briefs are being filed?

24        MR. HELLER:  Yeah.  I think it's really expert

25 discovery, so we've got a couple of experts and we've actually --

1    that part of the process -- that part of the schedule is actually

2    after we've served our expert reports in support of class

3    certification motion.  And after we file our class certification

4    motion, there's time built in for Comcast to depose our experts

5    and for them to designate their own experts.

6        And then after they file their opposition brief, there is

7    time built in for us to take our expert discovery.  And so that's

8    why we have -- you know, it's a little bit longer than normal

9    briefing schedule.

10            THE COURT:  Okay.  By the way, before I forget, so we're

11   going to need to do a few things with this stipulation.  One thing

12   is that any *Daubert* challenges to experts that are put up in

13   support of or in opposition to class certification will need to be

14   embedded in the actual brief in support of or in opposition to

15   class certification.

16            MR. DUFFY:  Understood.

17            THE COURT:  And my experience is that usually you can do

18   that within page limits.  If there's some gargantuan problem with

19   that, you can request an extension of the page limits.  I'll

20   probably deny it, but you can -- you can request it.

21            MR. DUFFY:  Understood.

22            THE COURT:  You know, because when you file separate

23   *Daubert* motions, it's just a repeat of all -- it's just a bunch of

24   repeat, and I actually try to read all the papers, and so it's a

25   waste of my time to get multiple papers.

1      So -- so that's number one is that, you know, your challenges

2  -- any challenges, *Daubert* challenges, need to be embedded in the

3  briefs that you're filing on class certification.

4      I -- you know, my -- I don't have strong feelings about

5  whether to hear the summary judgment motion sooner or later.  It

6  sounds like it's not a complicated matter or a heavy lift.  And it

7  sounds like it, you know -- from the way you all are describing

8  it, it sounds like a ruling -- I mean, obviously, if the motion is

9  granted, that is going to affect the class certification

10 proceedings.

11     Is it as to all the Plaintiffs?

12         MR. DUFFY:  Yes, sir.

13         THE COURT:  And how many Plaintiffs are there again?

14         MR. DUFFY:  There is two, sir.

15         THE COURT:  Okay.  And, you know -- and then -- yeah, it

16 doesn't sound like there is much heavy lifting.  And short of --

17 short of granting of the motion outright, it probably isn't going

18 to dramatically affect the way you present your class

19 certification argument.  So maybe in this case -- I mean, I don't

20 like to do it and I think it tends to be a waste of time and tends

21 to create inefficiencies, but maybe in this case, since that's

22 where we find ourselves, maybe we should just do that and maybe I

23 should -- I should -- well, here's what I would like to do,

24 though.  I would like to have a hearing so we have -- the only

25 thing we have left on summary judgment is the reply from Comcast;

1    correct?

2              MR. HELLER:  That's correct.

3              MR. DUFFY:  Yes, sir.

4              THE COURT:  What I'd like to do is have -- and you're

5    going to create a stipulation where you're going to memorialize

6    this and submit it to us so that we can just sign it.

7         But what I'd like to do is I would like to have Comcast's

8    reply due, you know, like around the first week of April and then

9    I would like to have the hearing -- summary judgment hearing

10   around the 30th of April.  Because we actually -- looking like

11   we're going to have our first trial since the pandemic started the

12   week of -- the week of May 3rd -- at least there's a reasonable

13   possibility that we will.

14        So I want to not have the hearing on May 6th.  I'm not sure

15   we'll need a hearing, but -- so hearing in -- let's figure out

16   that date right now.  So let's do the hearing on the 22nd of April

17   and have you file your reply by, you know, April 7th.

18        So that's the summary judgment motion.

19        And then as far as the class certification hearing, I think

20   that it needs -- I think the hearing should stay on July 15th for

21   our own scheduling purposes.  Let me just double-check.  And I

22   don't want -- it's time for this case to start moving, so we're

23   going to -- I'm setting dates that I'm anticipating will not be

24   changed and that are going to hold, and I'm thinking about things

25   like the law clerk transition, and I think that we're going to

1   need to keep the class certification hearing on for July 15th.

2   And you guys are going to need to figure out a new schedule that

3   accommodates your needs and accommodates my need to have the --

4   any *Daubert* challenges be part of the class certification phase.

5          MR. DUFFY:  Understood.

6          THE COURT:  And that involves the final brief being

7   filed two weeks before the hearing.

8          MR. HELLER:  Understood, Your Honor.  And I think we

9   actually -- the changes that we've made and that we proposed to

10  the class certification schedule were mostly I think about pushing

11  -- we were trying to push all of the dates out a couple of weeks

12  because we have a mediation scheduled and some of the dates --

13  we're getting pretty close to that mediation date, and so we just

14  wanted to build a little bit of padding, which we may be able to

15  do within the --

16         THE COURT:  I understand what you're saying, but it's

17  time to walk and chew gum at the same time in this case because --

18         MR. HELLER:  Understood.  Yeah.

19         THE COURT:  And, you know, I don't -- do you have a date

20  scheduled for mediation yet?

21         MR. DUFFY:  We do, sir.

22         THE COURT:  It says tentatively scheduled to occur on

23  April 13th?

24         MR. DUFFY:  Yes, Your Honor.  That's been -- that has

25  been fixed.

17

1          THE COURT:   Okay.   I think that all sounds perfect.
2    It's time to -- time to get rolling on all fronts.  So that -- so
3    why don't you submit a new stipulation in accordance with the
4    guidance that I just gave you, and -- is there anything else we
5    can do for you right now?
6          MR. STORTZ:   Nothing, Your Honor.
7          MR. HELLER:   No.
8          THE COURT:   Okay.   Great.   Thank you.
9          MR. DUFFY:   Thank you, sir.
10          MR. HELLER:   Thank you.
11       (Proceedings adjourned at 2:25 p.m.)
12
13          I, Peggy Schuerger, certify that the foregoing is a
14    correct transcript from the official electronic sound recording
15    provided to me of the proceedings in the above-entitled matter.
16
17    _____          March 16, 2021
      Signature of Approved Transcriber        Date                 _____
18
19    Peggy Schuerger
      **Ad Hoc Reporting**
20    Approved Transcription Provider
      for the U.S. District Court,
21    Northern District of California
22
23
24
25