UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TILLAGE, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>COMCAST CORPORATION, et al.,<br>　　　　Defendants. | Case No. 17-cv-06477-VC<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION; DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. No. 171, 176, 178 |

　　　　The plaintiffs' arguments for predominance, commonality, and typicality appear to depend on the assumption that it is simply unlawful for Comcast to advertise a base price for a cable package that does not include the Broadcast TV Fees and Regional Sports Fees, even if the customer receives a disclosure that those fees will be charged in addition to the advertised price. If the plaintiffs' assumption were correct, perhaps class certification would be appropriate. But under the California statutes invoked by these plaintiffs, it is not correct. Those statutes require the Court to take any corrective disclosures into account in evaluating whether the challenged advertising or statement is deceptive. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011); *see also* Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgement, Dkt. No. 183 at 1-2. As was discussed at the summary judgment stage, if Comcast advertised a base price for a cable package and merely noted that this price did not include "fees" without further specification, such an advertisement would likely be deceptive because the Broadcast TV Fees and Regional Sports Fees are not the types of fees that an ordinary consumer would expect to be added to the base price (in contrast to the more typical government-imposed fees). But if, as the record shows was frequently the case, Comcast advertised a base price and

then explained specifically that the Broadcast TV Fees and Regional Sports Fees would be charged on top of that, it did not violate the statutes invoked by the plaintiffs in this case because such a disclosure cures the otherwise potentially deceptive nature of the advertisement.

The summary judgment record with respect to the two remaining named plaintiffs (and the overall record in this litigation) underscores the problems with the plaintiffs' class certification motion. Although both of these remaining named plaintiffs saw advertisements showing a base price that did not include the Broadcast TV Fees and Regional Sports Fees, there are genuine fact issues as to whether they each received a curative disclosure that would preclude a finding that the advertisements were misleading. A jury could easily find in favor of one plaintiff and against the other, and the inquiries are highly individualized. Moreover, the facts surrounding both of the remaining named plaintiffs seem quite different from the facts surrounding an earlier named plaintiff, Christopher Robertson, who received a flyer that advertised the base price but clearly disclosed both of the fees at issue. *See* Ex. S to the Fifth Amended Complaint in *Adkins v. Comcast Corp. et al.*, Case No. 3:16-cv-05969-VC, Dkt. No. 160-1, p. 70-72.

In sum, given how broadly the plaintiffs have defined their proposed class (without attempting to distinguish between people who responded to flyers like the one Robertson received, people who went through the online signup process, and so on) there is too much variation among putative class members in terms of what representations were made and whether those representations were deceptive. There would be significant diversity in the evidence necessary to adjudicate whether a particular class member received a misleading statement from Comcast, and significant potential for different results among class members. This defeats predominance; indeed, it likely defeats commonality. *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 571 F.3d 953, 957-58 (2009) (predominance analysis focuses on whether the proposed class is "sufficiently cohesive" that adjudication of common questions will contribute to judicial economy); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (commonality requires a "common contention…capable of classwide resolution."). And once

the plaintiffs' erroneous assumption about Comcast's legal duty is set aside, it is clear that the two remaining lead plaintiffs' claims are not typical of the broadly defined class. The highly individualized sign-up processes they went through mean that their claims are not "reasonably coextensive" with the experiences of other class members. *Castillo v. Bank of America, NA*, 980 F.3d 723, 729 (9th Cir. 2020) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (overruled on other grounds by *Dukes*, 564 U.S. at 338)).

Accordingly, the motion for class certification is denied. In a footnote, the plaintiffs ask for leave to seek certification of an injunctive relief class if this motion is denied. It is unclear—given how long this case has dragged on and given the extent to which the plaintiffs appear to have overreached in this motion—whether this would be fair. It is also unclear, given the erroneous legal theory on which the plaintiffs have been proceeding, whether they have developed a record that would support a request for injunctive relief on behalf of a class. Accordingly, a case management conference is scheduled for Wednesday August 4, 2021 at 2:00 p.m. to discuss this issue. Seven days prior, the parties must file a joint case management statement setting forth their positions.

Regarding the parties' motions to seal (Dkt. Nos. 176, 178), none of the redacted portions of the briefs are appropriate for sealing. To the extent that the contents of the exhibits sought to be sealed is reflected in the briefs, those exhibits are also not appropriate for sealing. Both motions to seal are therefore denied entirely, without prejudice to filing a renewed request within 7 days that is much narrower and more targeted. If no such motion is filed within 7 days, all the materials will be unsealed.

**IT IS SO ORDERED.**

Dated: July 16, 2021

_____
VINCE CHHABRIA
United States District Judge