```
                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

                                        HON. VINCE CHHABRIA

    TILLAGE ET AL.,              )
                                 )
              Plaintiffs,        )
    vs.                          )
                                 ) CASE NO. 3:17-cv-06477-VC
    COMCAST CORPORATION ET AL.,  )
                                 )
              Defendants.        )
    _____)
                     TRANSCRIPT OF PROCEEDINGS

                      CASE MANAGEMENT CONFERENCE

                            VOLUME 1 OF 1

                     August 4, 2021 at 2:06 p.m.
```

**APPEARANCES**
(All present by video or telephone)

```
FOR THE PLAINTIFFS:      LIEFF CABRASER HEIMANN &
                         BERNSTEIN LLP
                         BY:  ROGER N. HELLER, ESQ.
                         275 Battery Street
                         Suite 2900
                         San Francisco, CA 94111

                         HATTIS & LUKACS
                         BY:  DANIEL MORLEY HATTIS, ESQ.
                         400 108th Avenue Northeast
                         Suite 500
                         Bellevue, WA 98004

FOR THE DEFENDANTS:      AKIN GUMP STRAUSS HAUER & FELD
                         LLP
                         BY:  SEAMUS C. DUFFY, ESQ.
                         2001 Market Street
                         Suite 4100
                         Philadelphia, PA 19103
```

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING; TRANSCRIPT PRODUCED BY ESCRIBERS, LLC



1        THE CLERK:  Calling case number 17-cv-6477, Tillage
2   et al. v. Comcast Corporation et al.
3        Counsel for the Plaintiffs please state your
4   appearances for the record.
5        MR. HELLER:  Good afternoon, Your Honor.  Roger
6   Heller for Plaintiffs.
7        MR. HATTIS:  Good afternoon, Your Honor.  Dan Hattis
8   for Plaintiffs.
9        THE COURT:  All right.
10       MR. DUFFY:  Good afternoon, Your Honor.  Seamus Duffy
11  for the Comcast Defendants.
12       THE COURT:  Hello.  Okay, so the Plaintiffs are
13  appealing the class cert denial.  There's an issue hanging out
14  there about whether the Plaintiffs should be given leave to
15  file a renewed motion for class certification seeking
16  injunctive relief.
17       I will say now that I'm pretty skeptical about
18  whether it would be appropriate to grant the Plaintiffs' relief
19  to file another class cert motion, and it seems like there's
20  almost a little bit of a concession in the CMC from the
21  Plaintiffs that, given the way they worked up the case and
22  given their theory of the case, an injunctive relief class
23  wouldn't work.
24       I don't know if that's true for sure, but I guess for
25  now, as much as I hate staying these cases, I guess there

1  probably wouldn't be too much harm from delaying an already
2  long-delayed case a little bit more and allowing you to seek
3  permission to file an appeal on the class cert denial.  Is
4  there any objection from the Defense on that?
5          MR. DUFFY:  No, Your Honor.
6          THE COURT:  Okay.  So why don't we -- what should I
7  do, set a further CMC for three months from now, four months
8  from now, something like that?  And then if the motion hasn't
9  been acted on, you can always seek to continue the CMC; does
10 that make sense?
11         MR. HELLER:  That would be fine with us, Your Honor.
12 This is Roger Heller.
13         I did want to just respond to what Your Honor said
14 earlier and just note for the record.  We don't have to get
15 into it today, but we definitely do not concede that we don't
16 have the right record or the right situation here for either
17 (b)(2) or (b)(3).
18         I think what we were saying, which Your Honor may
19 have interpreted that way was, given Your Honor's rationale of
20 the class-certification decision, we don't see any point in
21 seeking (b)(2) at this time after --
22         THE COURT:  Right.
23         MR. HELLER:  We're better off seeking a 23(f) review
24 of Your Honor's order.
25         THE COURT:  Right, and I probably didn't -- I



1  probably said that inartfully.  I didn't mean to suggest that
2  you were conceding anything.  But I guess what I discern from
3  the case-management statement was that if my ruling -- if my
4  ruling holds, there's probably no basis for you to seek
5  certification of an injunctive relief class.  It would be the
6  same result, and it's only if you get that overturned that you
7  may be able to -- there may be a basis for seeking
8  certification of an injunctive relief class.
9            MR. HELLER:  Yeah.  I mean, I think the only thing I
10 would say is we don't know what will happen on appeal.  And so
11 I think we would have to evaluate whatever the circumstances
12 are at that point to see whether we thought it made sense at
13 that time to make that request.  I think that's a --
14           THE COURT:  Right.  But assuming it gets -- assuming
15 it gets -- I mean, maybe it'll be granted, but as these usually
16 get denied, so assuming it gets denied, I took you to be saying
17 that the rationale of my ruling -- that's sort of the end of
18 the matter in terms of class certification for you all.  And
19 it's just a question of going to trial on the individual
20 Plaintiff's claims.
21           MR. HELLER:  I think that's probably so.  I wouldn't
22 want to necessarily commit to that, but I also wanted to add
23 the caveat that we would still have the right -- even if the
24 23(f) petition were not granted, we would still have the
25 ability to appeal the denial of class certification post-

1 judgment.

2       THE COURT: Right. Of course.

3       MR. HELLER: I just wanted to make sure that was --
4 we were -- I didn't want the silence on that to suggest
5 something else.

6       THE COURT: Right. Okay. I get it. Okay, that's
7 fine. So why don't we schedule a further CMC about three
8 months from now. And as I said, if the request for permission
9 has not been acted upon, you can push it back.

10       MR. DUFFY: Your Honor, can I just ask one question
11 of clarification? In the order denying certification, Your
12 Honor suggested that one of the purposes of this hearing was to
13 discuss whether the Plaintiffs should be permitted a second
14 bite at the apple, so to speak, to bring a new certification
15 motion under (b)(2) if they lose under (b)(3) or lose the
16 current motion.

17       And I just want it to be clear that there should be
18 no suggestion from what Your Honor has said that there is some
19 general right for the Plaintiffs to revisit (b)(2), and that
20 Your Honor's granting them relief from the scheduling order in
21 the case. So if Your Honor is -- I understood Your Honor to
22 say that we were going to be discussing that today, and Your
23 Honor was going to make a decision on that.

24       THE COURT: Well, I thought that we just established
25 with the Plaintiffs that if the request for permission is

6

1  denied, that likely the only remaining thing to do in our case
2  is to go to trial on the individual Plaintiff's claims.  So I
3  don't under -- I don't understand what you're asking.
4           MR. DUFFY:  Fair enough, Your Honor.  Just so that's
5  clear.  I heard Mr. Heller respond to that by saying he didn't
6  want to commit to that position, so I can imagine him in that
7  scenario saying, oh, we'd like to take a shot at (b)(2).  And I
8  just want to make clear Your Honor's not green-lighting that,
9  and to the contrary, that's not the --
10          THE COURT:  No, I'm not green-lighting it, and it
11 sounds like we've pretty much reached a meeting of the minds
12 that that is not going to happen unless permission is granted
13 and permission to appeal is granted and the Ninth Circuit takes
14 a different view on class certification somehow.
15          MR. HELLER:  And just to be clear, Your Honor.  I
16 said I didn't want to commit to that position.  I think the
17 point is that I don't know what will change in terms of
18 circumstances, and so I just don't want to write that off
19 entirely.  I mean, if we were going to request that, that would
20 be presented to Your Honor and Your Honor could decide whether
21 that's appropriate or not.
22          THE COURT:  Okay.  Okay.  Very good.
23          So Kristen (phonetic), when's the CMC going to be?
24          THE CLERK:  We'd be looking at sometime in December,
25 so should we look at maybe December 8 or 15?

1          THE COURT:  Sounds good.
2          THE CLERK:  Let's do the 8th.
3          THE COURT:  All right.  Sounds good.  We'll see you
4   then.  The case management statement due seven days prior, and
5   I will talk to you then, assuming the Ninth Circuit is active.
6          MR. DUFFY:  Thank you very much, Your Honor.
7          THE COURT:  Thank you.
8          MR. HELLER:  Thank you, Your Honor.
9       (Proceedings concluded at 2:13 p.m.)
10                          * * * * *
11
12                      C E R T I F I C A T E
13          I, court-approved transcriber, certify that the
14   foregoing is a correct transcript from the official electronic
15   sound recording of the proceedings in the above-entitled
16   matter.
17
18
19
20  *Tamara Bentzur*
21  _____    September 20, 2021
    Signature of Approved Transcriber          Date
22
23
    Tamara Bentzur, CET-824
24  Typed or Printed Name
25